IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) |
| | ) Case No.: 12-cv-03211 |
| v. | ) |
| | ) **ANSWER TO COMPLAINT** |
| | ) **DENYING ALLEGATIONS OF** |
| | ) **COPYRIGHT INFRINGEMENT** |
| PHAY LINTHAKHANH | ) |
| | ) |
| Defendant. | ) DEMAND FOR JURY TRIAL |

**ANSWER TO SECOND AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant, PHAY LINTHAKHANH ("Defendant"), now answers Plaintiff's Second Amended Complaint against him alleging copyright infringement, and denies all such allegations, and further admits or denies the specific allegations of the Second Amended Complaint and states affirmative defenses, as follows:

1.      This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

**ANSWER:** Answering paragraph 1 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

2.      Through this suit, Plaintiff alleges Defendant is liable for:

• Direct copyright infringement in violation of 17 U.S.C. §§ 106 and 501; and

• Contributory copyright infringement.

**ANSWER:** Answering paragraph 2 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

## Jurisdiction And Venue

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

**ANSWER:** Defendant admits the allegations of subject matter jurisdiction in paragraph 3.

4. As set forth on Exhibit A, Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over Defendant because Defendant committed the tortious conduct alleged in this Complaint in the Central District of Illinois, and (a) Defendant resides in the Central District of Illinois, and/or (b) Defendant has engaged in continuous and systematic business activity, or has contracted to supply goods or services in the Central District of Illinois.

**ANSWER:** Defendant denies the allegations of paragraph 4, except Defendant admits he resides in the Central District of Illinois.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) Defendant resides (and therefore can be found) in this District and Defendant resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases)

because Defendant or Defendant's agent resides or may be found in this District.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 5, and on that basis, Defendant denies them.

### Parties

6.      Plaintiff is a limited liability company organized and existing under the laws of the State of California and has its principal place of business located at 409 W. Olympic Boulevard, Suite 501, Los Angeles, CA 90015.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 6, and on that basis, Defendant denies them.

7.      Phay Linthakhanh is an individual residing at 1525 Hosta Street, Springfield, IL 62712.

**ANSWER:** Defendant admits the allegations of paragraph 7.

### Factual Background

8.      Plaintiff is the owner of United States Copyright Registrations (the "Registrations") collectively the "Works" attached hereto as Exhibit "A".

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 8, and on that basis, Defendant denies them.

9.      A copy of an internet screen shot from the U.S. Copyright Office's website evidencing, among other things, Plaintiff s ownership of the Registrations and the registrations dates is attached as Exhibit B.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 9, and on that basis, Defendant denies them.

    II.    *Defendant Used BitTorrent To Infringe Plaintiff's Copyrights*

10.     BitTorrent is one of the most common peer-to-peer file sharing protocols

(in other words, set of computer rules) used for distributing large amounts of data; indeed, it has been estimated that users using the BitTorrent protocol on the internet account for over a quarter of all internet traffic. The creators and user's of BitTorrent developed their own lexicon for use when talking about BitTorrent; a copy of the BitTorrent vocabulary list posted on www.Wikipedia.comis attached as Exhibit C.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 10, and on that basis, Defendant denies them.

11.     The BitTorrent protocol's popularity stems from its ability to distribute a large file without creating a heavy load on the source computer and network. In short, to reduce the load on the source computer, rather than downloading a file from a single source computer (one computer directly connected to another), the BitTorrent protocol allows users to join a "swarm" of. host computers to download and upload from each other simultaneously (one computer connected to numerous computers).

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 11, and on that basis, Defendant denies them.

   A. *Defendant Installed a BitTorrent Client onto his or her Computer*

12. Defendant installed a BitTorrent Client onto his or her computer.

**ANSWER:** Defendant denies the allegations of paragraph 12.

13.    A BitTorrent "Client" is a software program that implements the BitTorrent protocol. There are numerous such software programs including u'Iorrent and Vuze, both of which can be directly downloaded from the internet. See www.utorrent.com and http://new.vuze-downloads.com.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 13, and on that basis, Defendant denies them.

14. Once installed on a computer, the BitTorrent "Client" serves as the user's interface during the process of uploading and downloading data using the BitTorrent protocol.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 14, and on that basis, Defendant denies them.

    B.    <u>*The Initial Seed, Torrent, Hash and Tracker*</u>

15. A BitTorrent user that wants to upload a new file, known as an "initial seeder," starts by creating a "torrent" descriptor file using the Client he or she installed onto his or her computer.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 15, and on that basis, Defendant denies them.

16. The Client takes the target computer file, the "initial seed," here the copyrighted Works, and divides it into identically sized groups of bits known as "pieces."

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 16, and on that basis, Defendant denies them.

17. The Client then gives each one of the computer file's pieces, in this case, pieces of the copyrighted Works, a random and unique alphanumeric identifier known as a "hash" and records these hash identifiers in the torrent file.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 17, and on that basis, Defendant denies them.

18. When another peer later receives a particular piece, the hash identifier for that piece is compared to the hash identifier recorded in the torrent file for that piece to test that the piece is error-free. In this way, the hash identifier works like an electronic fingerprint to identify the source and origin of the piece and that the piece is authentic

and uncorrupted.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 18, and on that basis, Defendant denies them.

19. Torrent files also have an "announce" section, which specifies the URL (Uniform Resource Locator) of a "tracker," and an "info" section, containing (suggested) names for the files, their lengths, the piece length used, and the hash identifier for each piece, all of which are used by Clients on peer computers to verify the integrity of the data they receive.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 19, and on that basis, Defendant denies them.

20. The "tracker" is a computer or set of computers that a torrent file specifies and to which the torrent file provides peers with the URL addressees).

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 20, and on that basis, Defendant denies them.

21. The tracker computer or computers direct a peer user's computer to other peer user's computers that have particular pieces of the file, here the copyrighted Works, on them and facilitates the exchange of data among the computers.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 21, and on that basis, Defendant denies them.

22. Depending on the BitTorrent Client, a tracker can either be a dedicated computer (centralized tracking) or each peer can act as a tracker (decentralized tracking).

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 22 and on that basis, Defendant denies them.

    C.    <u>Torrent Sites</u>

23. "Torrent sites" are websites that index torrent files that are currently being made available for copying and distribution by people using the BitTorrent protocol. There are numerous torrent websites, including [www.TorrentZap.com,](www.TorrentZap.com) [www.Btscene.com,](www.Btscene.com) and [www.ExtraTorrent.com.](www.ExtraTorrent.com)

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 23, and on that basis, Defendant denies them.

24. Upon information and belief, Defendant went to a torrent site to upload and download Plaintiffs copyrighted Works.

**ANSWER:** Defendant denies the allegations of paragraph 24.

    D. *Uploading and Downloading a Work Through a BitTorrent Swarm*

25. Once the initial seeder has created a torrent and uploaded it onto one or more torrent sites then other peers begin to download and upload the computer file to which the torrent is linked (here the copyrighted Works) using the BitTorrent protocol and BitTorrent Client that the peers installed on their computers.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 25, and on that basis, Defendant denies them.

26. The BitTorrent protocol causes the initial seed's computer to send different pieces of the computer file, here the copyrighted Works, to the peers seeking to download the computer file.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 26, and on that basis, Defendant denies them.

27. Once a peer receives a piece of the computer file, here a piece of the Copyrighted Works, it starts transmitting that piece to the other peers.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged

in paragraph 27, and on that basis, Defendant denies them.

28. In this way, all of the peers and seeders are working together in what is called a "swarm."

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 28, and on that basis, Defendant denies them.

29. Here, Defendant peer member participated in the same swarm and directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions.

**ANSWER:** Defendant denies the allegations of paragraph 29.

30. In this way, and by way of example only, one initial seeder can create a torrent that breaks a movie up into hundreds or thousands of pieces saved in the form of a computer file, like the Works here, upload the torrent onto a torrent site, and deliver a different piece of the copyrighted Work to each of the peers. The recipient peers then automatically begin delivering the piece they just received to the other peers in the same swarm.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 30, and on that basis, Defendant denies them.

31. Once a peer, here Defendant, has downloaded the full file, the BitTorrent Client reassembles the pieces and the peer is able to view the movie. Also, once a peer has downloaded the full file, that peer becomes known as "an additional seed" because it continues to distribute the torrent file, here the copyrighted Works.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 31, and on that basis, Defendant denies them.

*E. Plaintiff's Computer Investigators Identified Defendant's IP Address as <u>Participants in a Swarm That Was Distributing Plaintiff's Copyrighted Works</u>*

32. Plaintiff retained IPP, Limited ("IPP") to identify the IP addresses that are being used by those people that are using the BitTorrent protocol and the internet to reproduce, distribute, display or perform Plaintiffs' copyrighted works.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 32, and on that basis, Defendant denies them.

33. IPP used forensic software named INTERNATIONAL IPTRACKER v1.2.1 and related technology enabling the scanning of peer-to-peer networks for the presence of infringing transactions.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 33, and on that basis, Defendant denies them.

34. IPP extracted the resulting data emanating from the investigation, reviewed the evidence logs, and isolated the transactions and the IP address associated therewith for the file identified by the SHA-1 hash values set forth on Exhibit A (the "Unique Hash Numbers").

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 33, and on that basis, Defendant denies them.

35. The IP address, Unique Hash Numbers, and hit dates contained on Exhibit A accurately reflect what is contained in the evidence logs, and show:

(A) Defendant had copied pieces of Plaintiff's copyrighted Works identified by the Unique Hash Numbers; and

(B) Therefore, Defendant was part of the same series of transactions.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged

in paragraph 35, and on that basis, Defendant denies them.

36. Through each of the transactions, Defendant's computer used their identified IP address to connect to the investigative server from a computer in this District in order to transmit a full copy, or a portion thereof, of a digital media file identified by the Unique Hash Numbers.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 36, and on that basis, Defendant denies them.

37. IPP's agent analyzed each BitTorrent "piece" distributed by the IP address listed on Exhibit A and verified that re-assemblage of the pieces using a BitTorrent Client results in fully playable digital motion pictures of the Works.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 37, and on that basis, Defendant denies them.

38. IPP's agent viewed the Works side-by-side with the digital media files that correlate to the Unique Hash Numbers and determined that they were identical, strikingly similar or substantially similar.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 38, and on that basis, Defendant denies them.

## Miscellaneous

39. All conditions precedent to bringing this action have occurred or been waived.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 39, and on that basis, Defendant denies them.

40. Plaintiff retained counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for its services.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 40, and on that basis, Defendant denies them.

## COUNT I

### Direct Infringement Against Phay Linthakhanh

41. The allegations contained in paragraphs 1-40 are hereby re-alleged as if fully set forth herein.

**ANSWER:** Defendant adopts and restates his answers to paragraphs 1-40 as if fully set forth herein.

42. Plaintiff is the owner of the Registrations for the Works, each of which contains an original work of authorship.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 42, and on that basis, Defendant denies them.

43. By using the BitTorrent protocol and a BitTorrent Client and the processes described above, Defendant copied the constituent elements of the registered Works that are original.

**ANSWER:** Defendant denies the allegations of paragraph 43.

44. Plaintiff did not authorize, permit or consent to Defendant copying of its Works.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 44, and on that basis, Defendant denies them.

45. As a result of the foregoing, Defendant violated Plaintiffs exclusive right to:

(A) Reproduce the Works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B)    Redistribute copies of the Works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C)    Perform the copyrighted Works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Works' images in any sequence and/or by making the sounds accompanying the Works audible and transmitting said performance of the Works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D)    Display the copyrighted Works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the Works nonsequentially and transmitting said display of the Works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "public ally" display).

**ANSWER:** Defendant denies the allegations of paragraph 45.

46.    Defendant's infringements was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

**ANSWER:** Defendant denies the allegations of paragraph 46.

47.    Plaintiff has suffered actual damages that were proximately caused by Defendant including lost sales, price erosion and a diminution of the value of its copyrights.

**ANSWER:** Defendant denies the allegations of paragraph 47.

**WHEREFORE,** Defendant respectfully requests that the Court:

(A)    Deny Plaintiff's request for relief;

(B)    Award Defendant attorneys fees and costs as a prevailing party under 17 U.S.C. § 505.

(C)  Award Defendant any other and further relief this Court deems just and proper.

## COUNT II

### Contributory Infringement Against Phay Linthakhanh

48.  The allegations contained in paragraphs 1-40 are hereby re-alleged as if fully set forth herein.

**ANSWER:** The allegations contained in paragraphs 1-40 are hereby re-alleged as if fully set forth herein.

49.  Plaintiff is the owner of the Registrations for the Works, each of which contains an original work of authorship.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 49, and on that basis, Defendant denies them.

50.  By using the BitTorrent protocol and a BitTorrent Client and the processes described above, Defendant copied the constituent elements of the registered Works that are original.

**ANSWER:** Defendant denies the allegations of paragraph 50.

51.  By participating in the BitTorrent swarm Defendant induced, caused or materially contributed to the infringing conduct of Defendant.

**ANSWER:** Defendant denies the allegations of paragraph 51.

52.  Plaintiff did not authorize, permit or consent to Defendant inducing, causing or materially contributing to the infringing conduct of Defendant.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 52, and on that basis, Defendant denies them.

53.  Defendant knew or should have known that other BitTorrent users, would

become members of a swarm with Defendant.

**ANSWER:** Defendant denies the allegations of paragraph 53.

54. Defendant knew or should have known that other BitTorrent users in a swarm with it, were directly infringing Plaintiff's copyrighted Works by copying constituent elements of the registered Works that are original.

**ANSWER:** Defendant denies the allegations of paragraph 54.

55. Indeed, Defendant directly participated in and therefore materially contributed to Defendant's infringing activities.

**ANSWER:** Defendant denies the allegations of paragraph 55.

56. Defendant's contributory infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

**ANSWER:** Defendant denies the allegations of paragraph 56.

57. Plaintiff has suffered actual damages that were proximately caused by Defendant including lost sales, price erosion, and a diminution of the value of its copyright.

**ANSWER:** Defendant denies the allegations of paragraph 57.

**WHEREFORE,** Defendant respectfully requests that the Court:

(A) Deny Plaintiff's request for relief;

(B) Award Defendant attorneys fees and costs as a prevailing party under 17 U.S.C. § 505.

(C) Award Defendant any other and further relief this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

## FIRST AFFIRMATIVE DEFENSE
## SETOFF OF SETTLEMENTS RECEIVED

1. On information and belief, Plaintiff has received thousands of dollars in settlements from the Doe Defendant(s) in this cause for alleged copyright infringement in their participation in the BitTorrent swarm Plaintiff alleges Defendant participated in.

2. For example, Plaintiff settled with John Doe number 7, presumably in exchange for monetary payment. (Docket 7). See Plaintiff's Notice Of Settlement And Voluntary Dismissal With Prejudice Of John Doe 4 Only.

3. The remaining Doe Defendants, while voluntarily dismissed from this matter due to alleged inability to timely serve with process, does not mean that settlement monies has not been, or yet will be, received by Plaintiff from those Doe Defendants.

4. Defendant is entitled to a set-off of all monies collected by Plaintiff for the same Works and alleged BitTorrent swarm(s) Plaintiff has alleged Defendant was a participant in which Plaintiff has settled, or will settle in the future, with other individuals.

**WHEREFORE,** Defendant respectfully requests that the Court enter an order of set-off against any judgment entered against Defendant by the total amount of money received by Plaintiff for the same respective Works and BitTorrent swarm(s) Plaintiff alleges Defendant of participating in.

## SECOND AFFIRMATIVE DEFENSE
## COPYRIGHT MISUSE

1. On information and belief, Plaintiff claims copyright in works that are at least partly in the public domain.

2. For example, the work "Yoga in the Sky" is freely available for anyone to view on the website YouPorn.com, and Plaintiff's website X-Art.com is displayed in a hyperlinked frame prominently while the work is playing. <u>Exhibit A</u>, Screenshot of http://www.youporn.com/watch/7978082/x-art-leila-yoga-in-the-sky/ accessed on February 8, 2013.

3. The free availability of Plaintiff's alleged works by this site, YouPorn.com, appears in the fifth position in the list of results of "yoga in the sky" and the second position in the list of results from typing "yoga in the sky download" in the Google.com search engine.

4. Plaintiff has thus freely distributed its works throughout the world through its commercial relationship with YouPorn.com.

**WHEREFORE,** Defendant respectfully requests that the Court enter judgment in favor of Defendant.

**THIRD AFFIRMATIVE DEFENSE**
**<u>FAILURE TO STATE A CLAIM</u>**

1. Paragraphs 32 through 38 fail to adequately state facts, rather than conclusions, establishing any relation between the alleged BitTorrent swarm(s) and the IP address Plaintiff asserts is related to Defendant.

2. Plaintiff therefore fails to meet the pleadings standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

**WHEREFORE,** Defendant respectfully requests that the Court strike Plaintiff's Second Amended Complaint, or in the alternative to enter judgment in favor of Defendant.

Respectfully submitted,


By:   /s/ Jeffrey J. Antonelli
      Jeffrey J. Antonelli, Bar # 6271875
      Attorney for Defendant
      Antonelli Law, Ltd.
      30 North LaSalle Street, Suite 3400
      Chicago, IL 60602
      Telephone: (312) 201-8310
      Facsimile: (312) 332-4663
      E-Mail: jeffrey@antonelli-law.com


      James G. Fahey, Bar # 6239320
      Local counsel for Defendant
      Sorling Northrup
      One N. Old State Capitol Plaza, Suite 200
      Post Office Box 5131
      Springfield, IL 62705-5131
      Telephone: (217)544-1144
      Facsimile: (217)522-3173
      E-Mail: jgfahey@sorlinglaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Paul J Nicoletti
NICOLETTI & ASSOCIATES PLLC
Suite 100
36880 Woodward Avenue
Bloomfield Hills, MI 48304
248-203-7800
248-203-7801 (fax)
paul@nicoletti-associates.com


                                          By:   /s/ Jeffrey J. Antonelli
                                               Jeffrey J. Antonelli, Bar # 6271875
                                               Attorney for Defendant
                                               Antonelli Law, Ltd.
                                               30 North LaSalle Street, Suite 3400
                                               Chicago, IL 60602
                                               Telephone: (312) 201-8310
                                               Facsimile:  (312) 332-4663
                                               E-Mail: jeffrey@antonelli-law.com