E-FILED
Friday, 01 March, 2013  05:02:50 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Case No. 3:12-cv-03211-SEM-BGC |
| v. | ) |
| PHAY LINTHAKHANH, | ) |
| Defendants. | ) |

**PLAINTIFF'S PARTIALLY AGREED MOTION TO STRIKE OR SUMMARILY DISMISS DEFENDANT'S AFFIRMATIVE DEFENSES [CM/ECF 17]**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12 and 56, hereby moves for the entry of an order striking or summarily dismissing the Affirmative Defenses filed by Defendant, Phay Linthakhanh ("Defendant"), and files this memorandum in support.

**I.     INTRODUCTION**

Plaintiff filed its Second Amended Complaint [CM/ECF 12] against Defendant on January 8, 2013. On February 8, 2013 Defendant filed its Answer and asserted three affirmative defenses. On February 28, 2013 undersigned contacted Defendant's counsel notifying him of Plaintiff's intent to file the instant motion. The following day, March 1, 2013, adverse counsel voluntarily agreed to striking its Third Affirmative Defense (Failure to State a Claim). Plaintiff and Defendant were unable to reach a consensus on the remaining two affirmative defenses which Defendant attempts to assert: (1) Setoff of Settlements Received; and (2) Copyright Misuse. As more fully explained below, each of the asserted Affirmative Defenses is insufficient and should be stricken or summarily dismissed by the Court.

1

## II.     ARGUMENT

### a. Legal Standard

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*. A motion to strike under Rule 12(f) "is the 'primary procedure' for objecting to an insufficient affirmative defense." *U.S. v. Union Gas Co.*, 743 F.Supp. 1144, 1150 (E.D. Pa. 1990), *quoting* 5 C. Wright and A. Miller, *Federal Practice and Procedure*, § 1380 at 782 (1969). "[A] motion to strike can be a useful means of removing 'unnecessary clutter' from a case, which may ultimately expedite the proceedings." *Jackson v. Methodist Med. Ctr. of Ill.*, 2007 WL 128001 (C.D. Ill. 2007). An affirmative defense is legally insufficient if it is not recognized as a legal defense to the cause of action. *See Taro Pharmaceuticals North America Inc. v. Suven Life Sciences, Ltd.*, 2012 WL 2513523, at *4 (D.N.J. 2012) (citations omitted). This Court has held that it "will strike an affirmative defense [] if the matter is not an appropriate affirmative defense, if it is not *adequately* pled under the required of Federal Rules 8 and 9, or if the defendant could not prove any set of facts in support of the defense that would defeat the complaint." *Methodist med. Ctr. Of Ill.*, 2007 WL 128001 (citing *Williams v. Jader Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir.1991)).

"Affirmative defenses are subject to the same pleading requirements as complaints." *H.D. Smith Wholesale Drug Co. v. Crawford*, 2012 WL 2503100 (C.D. Ill. 2012) (citing *Carlson v. Ameren Corp.,* 2011 WL 223105 (C.D.Ill. 2011)). "Thus, defenses must set forth a 'short and plain statement,' of the defense." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (internal citation omitted). Accordingly, where affirmative defenses "are nothing but bare bones conclusory allegations . . . [that] omit[] any short and plain statement of

2

facts and fail[] totally to allege the necessary elements of the alleged claims," they are properly stricken. *Id.* at 1295.

Additionally, entry of summary judgment under Fed. R. Civ. P. 56 "appl[ies] to affirmative defenses." *Bailey-P.V.S. Oxides, LLC v. S and K Packaging, Inc.*, 2009 WL 3294862, at *1 (W.D. Pa. 2009); *see also Davis v. Elite Mortg. Services, Inc.*, 592 F. Supp. 2d 1052, 1058 (N.D. Ill. 2009) (granting summary judgment on first and second affirmative defenses); *Batesville Services, Inc. v. Funeral Depot, Inc.*, 2004 Copr. L. Dec. P 28901 (S.D. Ind. 2004) (granting summary judgment on "the fair use, misuse of copyright, fraud and improper registration, and antitrust defenses.") Summary judgment should be granted "if the evidence demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Elite Mortg. Services, Inc.*, 592 F. Supp. 2d at 1055 (*citing* Fed. R. Civ. P. 56(c) and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). "In ruling on a summary judgment motion, the court may not weigh the evidence or resolve issues of fact; disputed facts must be left for resolution at trial . . . The court has one task . . . to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *LPP Mortg. Ltd. v. Hartzell, Glidden Tucker & Hartzell*, 2011 WL 2441897 (C.D. Ill. 2011).

### b. Defendant's Affirmative Defenses Are Insufficient and Should be Stricken or Summarily Dismissed

#### 1. Defendant's First Affirmative Defense (Setoff of Settlements Received) Should be Stricken

Defendant's First Affirmative Defense should be stricken as insufficient because it is not properly asserted as an affirmative defense and is contrary to the law. Defendant's First Affirmative Defense states that "Defendant is entitled to a set-off of all monies collected by Plaintiff for the same Works and alleged BitTorrent swarm(s)." *Answer* at p. 15. This argument

is not properly asserted as an affirmative defense to the action. An affirmative defense is defined as "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Black's Law Dictionary* (9th ed. 2009). Plaintiff's claims are for direct and contributory copyright infringement. Defendant's First Affirmative Defense cannot succeed in defeating any portion of Plaintiff's claim and it is therefore not properly asserted as an affirmative defense.

Further, Plaintiff hereby elects to recover "instead of actual damages and profits, an award of statutory damages" pursuant to 17 U.S.C. § 504(c)(1). Accordingly, any argument that Defendant is entitled to a setoff is erroneous. 17 U.S.C. § 504(c) provides for maximum statutory damages per work, per case:

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an <u>award</u> of statutory damages for all infringements involved <u>in the action</u>, <u>with respect to any one work</u>, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally . . . as the court considers just.

*Id.* (Emphasis added). This "action" has not gone to trial. Obviously, therefore, Plaintiff has not been "award[ed]" any "statutory damages." "The right to a jury trial includes the right to have a jury determine the *amount* of statutory damages, if any, awarded to the copyright owner." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998) (emphasis in original and internal citation omitted). Accordingly, Defendant's First Affirmative Defense is insufficient and should be stricken.

### 2. Defendant's Second Affirmative Defense (Misuse of Copyright) Should be Stricken

Defendant's Second Affirmative Defense for misuse of copyright should be stricken or summarily dismissed. "The doctrine of 'misuse prevents copyright holders from leveraging their limited monopoly to allow them control of areas outside the monopoly.'" *Assessment Techs. of*

4

*WI, LLC v. WIREdata, Inc.,* 350 F.3d 640, 647 (7th Cir. 2003) (quoting *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1026–27 (9th Cir.2001)). The defense of misuse of copyright "was first asserted in copyright cases in challenges to restrictive licensing terms, although it has outgrown such antitrust like roots and now applies, inter alia, to efforts to misrepresent or extend rights beyond the scope of one's copyright." *5 Patry on Copyright § 17:128*.

Here, Defendant has not alleged that Plaintiff is attempting to unlawfully extend the limited monopoly granted to it by the Copyright Act nor has it alleged any other improper behavior with regard to the copyrights at issue. Defendant's allegations fail to allege any element of the defense of misuse of copyright. "There is no evidence here that plaintiffs seek to control areas outside of their grant of monopoly. Rather, plaintiffs seek to control reproduction and distribution of their copyrighted works, exclusive rights of copyright holders." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1027 (9th Cir. 2001).

Defendant's copyright misuse argument erroneously rests on the assertion that "Plaintiff . . . freely distributed its works throughout the world through its commercial relationship with YouPorn.com" and that therefore the work is "at least partly in the public domain" and Defendant is entitled to judgment in its favor. *Answer* p. 16. Plaintiff's commercial relationships with certain websites have no bearing on a claim for copyright misuse, nor does it entitle Defendant to judgment in its favor. It also does not affect the validity of Plaintiff's copyrights or place the works in the public domain. Plaintiff's strategic relationships are designed to drive traffic to its website in order to increase subscription sales. The relationships with these authorized licensees are not at issue in this case and do not affect Plaintiff's ability to sue infringers who use BitTorrent to unlawfully download and distribute copies of its movies. Indeed, Plaintiff's actions are consistent with those of many record companies and recording

5

artists. The popular on-line retailer Amazon.com provides free mp3 song downloads from selected artists, the goal being to entice listeners to purchase full albums or further downloads. In providing these downloads for free to the general public, the copyright holder has not forfeited or otherwise negatively affected its ability to sue for infringement of the work. The works are also not in the public domain by virtue of their availability.

Plaintiff has never misused its copyrights. Significantly, all Plaintiff has ever done with respect to its copyrights is bring suits to enforce them; as a matter of law, doing so is not copyright misuse. *See, e.g., Nielsen Co. (US), LLC v. Truck Ads, LLC*, 2011 WL 221838 (N.D. Ill. 2011) ("The mere fact that a copyright holder files suit for infringement cannot, of course, be the basis for a copyright misuse claim."); *Huthwaite, Inc. v. Ecolab, Inc.*, 2006 Copr. L. Dec. P 29137 (N.D. Ill. 2006) ("Claiming infringement by a writing cannot possibly be copyright misuse unless the claim is patently frivolous."); *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 428 (D.N.J. 2005) ("Defendants allege only that Plaintiffs have filed lawsuits and otherwise sought to enforce their copyrights. This allegation, however, is insufficient as a matter of law to state a copyright misuse claim, as the fact of enforcing a valid copyright, without more, simply cannot constitute copyright misuse.")

Defendant's Second Affirmative Defense thus fails as a matter of law and should be stricken or summarily dismissed. *See Batesville Services, Inc. v. Funeral Depot, Inc.*, 2004 Copr. L. Dec. P 28901 (S.D. Ind. 2004) (holding that because there was "no evidence from which a reasonable trier of fact could find copyright misuse. Plaintiffs are entitled to summary judgment on this defense.")

### III.     CONCLUSION

For each of the foregoing reasons, Defendant's Affirmative Defenses should be stricken or summarily dismissed, as appropriate.

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an order:

(A)     Striking Defendant's agreed First Affirmative Defense;

(B)     Granting Plaintiff's Motion to Strike or Summarily Dismiss Defendant's Second and Third Affirmative Defenses;

(B)     Striking or summarily dismissing Defendant's Second and Third Affirmative Defenses; and

(C)     Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated:  March 1, 2013

        Respectfully submitted,

        NICOLETTI & ASSOCIATES, PLLC

        By:     /s/ *Paul J. Nicoletti*
        Paul J. Nicoletti, Esq. (P44419)
        36880 Woodward Ave, Suite 100
        Bloomfield Hills, MI 48304
        Tel:  (248) 203-7800
        Fax:  (248) 203-7801
        E-Fax: (248) 928-7051
        Email:  paul@nicoletti-associates.com
        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 1, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

      By:    /s/ *Paul J. Nicoletti*