IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 12-cv-03211-SEM-BGC |
| | ) |
| PHAY LINTHAKHANH | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO FILE SUR-REPLY
IN SUPPORT OF MOTION FOR BOND**

NOW COMES Defendant, PHAY LINTHAKHANH, by and through his attorneys, and requests this Honorable Court grant him leave to file a Sur-Reply in support of his Motion for Bond for the reasons that follow.

1. Defendant has filed a Motion for Bond in order to protect its ability to recover attorney's fees and costs in the likely event it is a prevailing party against this out of state plaintiff. Plaintiff filed its Opposition to Defendant's Motion for bond, and on may 3rd 2013 Defendant filed its Memorandum in Support of its Motion for Bond

2. Plaintiff subsequently filed a Motion for leave to file a Sur Reply, which this court has today allowed and considered the body of the motion as Plaintiff's Sur-Reply.

3. Plaintiff's Sur-Reply makes various claims in response to Defendant's Memorandum in Support of its Motion for Bond, including that the affidavit of Defendant's technical consultant, Benton Bullwinkel, is deficient in that mr. Bullwinkel is not a disclosed expert witness and assertions of hearsay and speculation regarding the cessation of the infringing activity, or as plaintiff

1

describes it " why the infringement miraculously stopped when Mr. Linthakhanh received the ISP notice."

4. Defendant has substantive replies to provide this court on oath in affidavit form, including that upon Defendant's receiving the ISP notice regarding the allegations made by Plaintiff, that he made changes to his network security that coincided with the hacking activity stopping.

5. Defendant has legal arguments supporting the use of Benton Bullwinkel's affidavit and testimony including but not limited to the following:

   a): Benton Bullwinkel will be Defendant's Expert Witness, but was not disclosed and designated because the time to do so has not yet occurred. This Court's discovery plan ordered on March 13, 2013 provides that Defendant`s Expert Disclosure is not due until June 24, 2013.

   b) In addition to objecting to Plaintiff's claims of "speculation" and hearsay, Defendant wishes to present legal authority on the types of opinion testimony allowed by experts and why in certain circumstances expert opinions are admissible in evidence when based on certain types of hearsay.

6. Defendant has no wish to further delay this Court's determination of its motion for Bond, but has pre-existing commitments to leave tomorrow for an out of state family wedding and therefore requests until Friday, May 17th to file its Sur-Reply.

**WHEREFORE, Defendant** respectfully requests this Court grant it leave to file a Sur-Reply in support of its Motion for Bond by Friday May 17, 2013.

Dated: May 3, 2013

                        Respectfully submitted,

                    By:   /s/ Jeffrey J. Antonelli
                        Jeffrey J. Antonelli, Bar # 6271875
                        Attorney for Defendant
                        Antonelli Law, Ltd.
                        100 North LaSalle Street, Suite 2400
                        Chicago, IL 60602
                        Telephone: (312) 201-8310
                        E-Mail: jeffrey@antonelli-law.com