E-FILED
Wednesday, 25 September, 2013  04:07:16 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:13-cv-00205-WTL-MJD |
| KELLEY TASHIRO, | ) |
| Defendant. | ) |

### ORDER ON MOTION TO POST BOND

This matter is before the Court on Defendant Kelley Tashiro's Motion to Require Plaintiff to Post Bond for Costs and Expenses. [Dkt. 30.] The Court, being duly advised, **DENIES** Tashiro's motion.

The decision to require a plaintiff to post a bond is within the discretion of the court. "No statute or rule, or decision of this circuit, expressly authorizes a court to require the posting of a bond to secure the payment of costs to a party should he prevail in the case." *Anderson v. Steers, Sullivan, McNamar & Rogers*, 998 F.2d 495, 496 (7th Cir. 1993). However, this authority is inherent in the power to award costs to a prevailing party. *Id.*; *Gay v. Chandra*, 682 F.3d 590, 594 (7th Cir. 2012). A court may require a party to post a bond if there is reason to believe that it would be difficult for a prevailing party to collect its costs. *Id*. A cost bond is not a sanction. *Gay*, 682 F.3d at 594. "It is meant 'to insure that whatever assets a party does possess will not have been dissipated or otherwise have become unreachable by the time such costs actually are awarded." *Id*. (quoting *Selletti v. Carey*, 173 F.3d 104, 112 (2d Cir. 1999)). Factors generally considered are 1) the merits of the case, 2) the prejudice to the defendant of not requiring a bond,

and 3) the prejudice to the plaintiff of requiring a bond. *Id*. The court must consider the party's ability to pay and take care not to deprive a plaintiff of access to federal courts. *Id*. at 593.

In considering the merits of the case, the Seventh Circuit upheld a district court's requirement of plaintiff to post a bond due, in part, to the frivolous nature of the suit. *See generally Anderson*, 998 F.2d 495. The Court does not find that this case is frivolous in nature and instead finds that Plaintiff has a likelihood of success on the merits. Tashiro argues that Plaintiff has not taken a single case to a full trial. Defendant did mentioned Plaintiff's "Bellwether" trial and asserts that this does not count as the parties did not have an opportunity to cross examine the witnesses. *See Malibu Media v. John Does 1-22*, 2:12-cv-02078-MBB, (E.D. PA June 18, 2013). Even if that were the case, Plaintiff's suit led to three defendants eventually admitting liability after motions to dismiss had been denied. *Id*. Tashiro also does not direct the Court to any case where motions to dismiss or motions for summary judgment have been granted against the Plaintiff in these actions. On the contrary, a simple search has shown that Plaintiff has been able to survive motions to dismiss including a motion to dismiss in the present action. [Dkt. 36]; *see also e.g. Malibu Media, LLC v. Harris*, 1:12-cv-1117-WTL-MJD, 2013 WL 3780571 (S.D. Ind. July 18, 2013); *Malibu Media, LLC v. John Does 7, 9-11, 15-31, 33-36, 39*, 12-cv-01953-WYD-MEH, 2013 WL 3753435 (D. Colo. July 15, 2013); *Malibu Media, LLC v. John Does 1-15*, 12-2077, 2012 WL 3518116 (E.D. Pa. Aug. 13, 2012). Thus, the Court finds that Plaintiff has a likelihood of success on the merits.

Tashiro does not demonstrate how she will be prejudiced if a bond was not required. In considering the Plaintiff's ability to pay, Plaintiff has demonstrated that it can afford to pay for the cost of litigation and attorney's fees should Tashiro prevail. [See Dkt. 32 at 10 ("Plaintiff is a successful multimillion dollar company.").] More importantly, Tashiro arguments that she will

2

have difficulty collecting fees and costs should she prevail are unpersuasive. Tashiro argues that Plaintiff is a resident of California and it would be unreasonable for Tashiro to collect fees in another jurisdiction should the Plaintiff fail to pay. First, this argument assumes that not only will Tashiro prevail, but that Plaintiff would be unwilling to pay. However, as Tashiro points out, she is unaware of a situation where Plaintiff has been ordered to pay costs and fees; thus, Tashiro has no basis to conclude that Plaintiff would not pay should Tashiro prevail. Second, there is nothing stopping Tashiro from filing proceedings supplemental in this jurisdiction to enforce a monetary judgment, including fees and costs. *See* Fed. R. Civ. P. 69(a). Third, the Constitution and federal statute have cleared a path for easy enforcement of monetary judgments in other jurisdictions within the United States by way of the Full Faith and Credit Clause. U.S. Const. art. IV, § 1; 28 U.S.C. § 1738. Tashiro does not cite to any authority suggesting that the Full Faith and Credit Clause does not apply. Mere inconvenience is not enough to require Plaintiff to post a bond. Thus, the Court finds that Tashiro will not be prejudiced if a bond is not required.

    Finally, imposition on Plaintiff of a bond requirement could result in prejudice to the Plaintiff. Although Tashiro requests a bond in this case only, granting this motion will set a precedent for other defendants to require Plaintiff to post a bond. To grant such a motion for each defendant would undoubtedly prejudice the Plaintiff and would likely deny Plaintiff access to the federal court. According to Plaintiff, there are more infringers than there are members of Plaintiff's subscription service, and Plaintiff has tens of thousands of members. [Dkt. 32 at 3.] Assuming, arguendo, that the median legal fee is $250,000, [Dkt. 30 at 8], to require Plaintiff to post this amount for a bond for every defendant would prevent Plaintiff from pursuing infringers, which it has a legal right to do. Therefore, the Court finds that setting a bond in this matter would be prejudicial to Plaintiff.

For the reasons set forth above, Tashiro's Motion to Require Plaintiff to Post Bond is **DENIED**.

Date: 09/25/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

Jonathan LA Phillips
SHAY KEPPLE PHILLIPS, LTD
jphillips@skplawyers.com