UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

MALIBU MEDIA, LLC,                )
                                  )
    Plaintiff,                    )   Civil Case No. 3:12-cv-03211-SEM-BGC
                                  )
v.                                )
                                  )
PHAY LINTHAKHANH,                 )
                                  )
    Defendants.                   )
                                  )

**PLAINTIFF'S CORRECTED FED. R. CIV. P. 26(a) DISCLOSURES**

**26(A)(i)** – the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**RESPONSE:**

    1.    IPP, International U.G., Hermannstraße 9, 20095 Hamburg, Deutschland – Possesses information regarding the detection and reporting of the alleged infringement. IPP, International U.G. is a third party fact witness.

    2.    Plaintiff and its employees – Malibu Media, LLC; Brigham Field and Colette Leah; 409 W. Olympic Blvd., Los Angeles, CA 90015. Possess information regarding the lawful distribution of the subject movies, ownership of the copyright and other information relevant to the case.

    3.    Comcast Corporation – Possess information that correlates the Defendant to the IP address and Digital Millenium Copyright Act Notices.

4. Defendant's Neighbors – Possess information regarding their own internet accounts and whether they were authorized, had access to, or did use the Defendant's internet.

5. Any person living/visiting Defendant's household – Possesses Information regarding whether they use BitTorrent to infringe Plaintiff's copyrights.

6. Other peer infringers that participated in the subject swarm – Possess information that they received as pieces of the subject movies from other peers in the swarm.

7. Search engines and other BitTorrent scanning companies – Bing, Google, Ask Jeeves, Yahoo, Dogpile, MSN, etc. May possess relevant information.

**26(A)(ii)** – a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

**RESPONSE:**

1. Copyright registrations or application;

2. Distribution agreements;

3. Sales information;

4. ISP documents correlating the Defendant to the IP address;

5. Computer Data stored by IPP demonstrating the TCP/ICP connection and the piece of the subject movies that were sent through BitTorent by the Defendant;

6. Contracts between the ISP and Defendant;

7. Original copies of the movie and copies as reassembled from the pieces sent by the peer infringers.

**26(A)(iii)** – a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

**RESPONSE:**

Plaintiff seeks its actual damages and alleges that Defendant is contributorily liable for the infringements committed by each infringer in the subject swarm. Since the infringement is ongoing and new peers are joining the swarm it is premature to provide a final calculation of Plaintiff's actual damages.

Alternatively, Plaintiff seeks statutory in the amount of $150,000.

**26(A)(iv)** – for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

There are no counter claims in this action that are covered by any insurance policy to which Plaintiff is the beneficiary.

Dated: October 25, 2013

        Respectfully submitted,

        SCHULZ LAW, P.C.

By:   /s/ *Mary K. Schulz*
      Mary K. Schulz, Esq.
      1144 E. State Street, Suite A260
      Geneva, Il 60134
      Tel: (224) 535-9510
      Fax: (224) 535-9501
      Email: schulzlaw@me.com
      *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2013 a true and correct copy of the foregoing document was served via U.S. Mail and/or email to the following:

Jeffrey J. Antonelli, Esq.
Antonelli Law, Ltd.
100 North LaSalle Street, Suite 2400
Chicago, IL 60602
E-Mail: jeffrey@antonelli-law.com
*Attorney for Defendant*

By:   /s/ *Mary K. Schulz*
      Mary K. Schulz, Esq.