UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-3211 |
| | ) |
| PHAY LINTHAKHANH, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

This matter is now before the Court on Plaintiff's Partially Agreed Motion to Strike or Summarily Dismiss Defendant's Affirmative Defenses and Defendant's Motion to Require Plaintiff to Post Bond for Attorney's Fees and Costs. Each matter will be addressed in turn.

This is an action alleging violations of the United States Copyright Act of 1976 through the use of BitTorrent, a peer-to-peer file sharing protocol. Defendant answered the Second Amended Complaint, raising three affirmative defenses: (1) he is entitled to a set-off of all monies collected by Plaintiff for participation in the same "swarm" as Defendant; (2) Plaintiff has misused its copyright, as it has allowed its works to be made available for free download on other websites; and (3) the allegations fail to state a claim. The parties agree that the third affirmative defense should be stricken, but disagree as to the propriety of the first and second affirmative defenses.

Affirmative defenses are subject to the same pleading requirements as complaints, requiring a short, plain statement of the defenses that if true, would defeat the plaintiff's claims. *H.D. Smith Wholesale Drug Co. v. Crawford*, 2012 WL 2503100 (C.D.Ill. 2012). Plaintiff first argues that

Defendant's claim for set-off, even if true, would only affect the amount of his penalty and could not under any set of facts defeat any portion of the claims for direct and contributory infringement. Defendant responds that it would be inequitable to allow a plaintiff to essentially double recover by obtaining settlements from all of the defendants in the original complaint who participated in the same alleged swarm as Defendant, and also obtain a full award from Defendant. While this equitable argument may be relevant and appropriate at some future point in this case if the Court enters a damages award against Defendant, it is not a proper affirmative defense and shall be stricken. That being said, Defendant has leave of Court to raise the issue at an appropriate time.

Plaintiff next argues that the affirmative defense for misuse of copyright should be stricken as it is meant to apply only where there has been an effort to misrepresent or extend rights beyond the scope of one's copyright. The allegations contained in Defendant's second affirmative defense essentially assert that Plaintiff has freely distributed its works through a commercial relationship with another entity, resulting in its works being at least partly in the public domain. However, the issuance of properly authorized licenses is not inconsistent with a claim to protect copyrighted works from unauthorized infringement or downloading. "The mere fact that a copyright holder files suit for infringement cannot, of course, be the basis for a copyright misuse claim." *Nielson Co., LLC v. Truck Ads, LLC*, 2011 WL 221838 (N.D.Ill. 2011). This affirmative defense shall also be stricken.

This brings us to Defendant's request that Plaintiff be required to post bond to cover the substantial fees and costs that he will incur in defending this action, as Plaintiff is a foreign corporation that operates out of an apartment in Los Angeles and may have few, if any, attachable assets.

Posting bond may be required by the Court pursuant to its authority to award costs to a prevailing party and may be appropriate where there is reason to believe that it would be difficult for

a prevailing party to collect an award of costs. *Gay v. Chandra*, 682 F.3d 590, 594 (7th Cir. 2012). Factors to consider include: the merits of the case; the prejudice to the defendant if no bond is required; and the prejudice to plaintiff if a bond is required. *Id.* The Court does not find that this case is frivolous in nature. The results of the initial investigation and evidence pointing to Defendant as the infringer supports a likelihood of success on the merits; while this evidence is contested, it is not appropriate for the Court to determine the victor of the battle of the experts in resolving this motion. Defendant has not made any real demonstration that Plaintiff has failed to pay any damages award as ordered or that he will otherwise not be able to recover any award of costs in the event that he is the prevailing party. To the contrary, in another portion of his argument, Defendant asserts that the requested bond of $62,500 represents roughly three days' income for Plaintiff, thereby acknowledging a substantial income stream and contradicting his earlier claim that Plaintiff has no attachable assets. Additionally, the Full Faith and Credit Clause provides a simple mechanism for the enforcement of federal monetary judgments in other jurisdictions within the United States. Plaintiff further counters that the requirement of a substantial bond prior to pursuing litigation in this case could set a precedent for other actions prosecuting the multitude of infringements it uncovers on a monthly basis, undermining its ability to prosecute these infringements and defend its intellectual property rights.

      Accordingly, having found that this case has some likelihood of success on the merits, that Defendant has failed to show how he will be prejudiced if a bond is not required, and that Plaintiff has identified a significant prejudice that it will suffer if a bond is routinely required before allowing it to prosecute case of alleged infringement, the motion to require bond is denied.

CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Strike Answer or Summarily Dismiss Defendant's Affirmative Defenses [18] is GRANTED in that the affirmative defenses that were not dismissed by agreement are hereby dismissed, and Defendant's Motion for Bond [25] is DENIED.

ENTERED this 22nd day of January, 2014.

                                                s/ James E. Shadid
                                                James E. Shadid
                                                Chief United States District Judge