**E-FILED**
Friday, 14 February, 2014  12:53:54 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Case No. <u>3:12-cv-03211-SEM-BGC</u> |
| | ) | |
| v. | ) | |
| | ) | |
| PHAY LINTHAKHANH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### AMENDED REPORT OF RULE 26(f) PLANNING MEETING

Plaintiff, Malibu Media, LLC ("Plaintiff"), being represented by Mary K. Schulz of Schulz Law, P.C., located at 1144 E. State Street, Suite A260, Geneva, Il 60134, telephone: (224) 535-9510, schulzlaw@me.com, and Defendant, Phay Linthakhanh ("Defendant"), being represented by Jeffrey J. Antonelli of Antonelli Law, Ltd., located at 100 North LaSalle Street, Suite 2400, Chicago, IL 60602, telephone: (312) 201-8310, jeffrey@antonelli-law.com, counsel for parties conferred via email on February 14, 2014 for the purpose of formulating a proposed discovery calendar for consideration by the Court and pursuant to the Court's January 27, 2014 order provides the following joint proposed discovery plan.

### DISCOVERY PLAN

Plaintiff expects the discovery in this case will take 4-6 months, assuming the Court quickly rules on discovery motions.

The parties anticipate that their claims or defenses will involve extensive electronically stored information, and that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

**<u>Plaintiff</u>**: expects to take between five and ten depositions in this case, including:

(A)     Defendant's deposition; [**Timing**: No sooner than three weeks after Plaintiff receives Defendant's responses to its paper discovery; indeed, Plaintiff will need to analyze Defendant's computers in advance of these depositions; a third party will do this analysis. Plaintiff will be subject to the schedule of the third party. This is also expensive and would be even more so if Plaintiff has to pay rush fees.]

(B)     Depositions of each of the people living in Defendant's residence; [**Timing**: No sooner than three weeks after Plaintiff receives Defendant's responses to its paper discovery; indeed, Plaintiff will need to analyze Defendant's computers in advance of these depositions; a third party will do this analysis. Plaintiff will be subject to the schedule of the third party. This is also expensive and would be even more so if Plaintiff has to pay rush fees.]

(C)     Depositions of any other person who may have had access to Defendant's internet; [**Timing**: No sooner than three weeks after Plaintiff receives Defendant's responses to its paper discovery; indeed, Plaintiff needs to review the responses to Defendant's discovery to ascertain the universe of deponents. Then scheduling the depositions and issuing and serving subpoenas duces tecum for deposition must occur.]

(D)     Depositions of Defendant' internet service providers; [**Timing**: Plaintiff is finalizing its subpoena duces tecum for 30(b)(6) deposition, and will set these depositions for some time in May or June 2014]

(E)     Possible Depositions of Defendant's neighbors; [**Timing**: If Defendant's discovery responses indicate his or her wireless internet router was not secured by a password then Plaintiff will take the deposition of Defendant's neighbors. The purpose of this discovery is to ask the neighbors if they have used Defendant's wireless internet, whether they have their own internet service, whether they use BitTorrent, among other things);

(F)     Depositions of search engines including Google, Bing, Ask Jeeves and Yahoo; [**Timing**: Plaintiff is finalizing its subpoena duces tecum for 30(b)(6) depositions, and will set these depositions for sometime late May or June 2014].

(G)     IPP, International U.G. is a third party fact witness. IPP, International U.G.'s employees reside in Germany.  Plaintiff will speak with IPP, International for the purpose of assisting Defendant to coordinate a deposition via video conference, if Defendant desires. [The timing of this deposition is not yet clear.]

(H)     Plaintiff anticipates retaining an expert to testify that IPP, International's software works as described and that it cannot be spoofed.  Defendant may want to depose this expert. The timing of this deposition is not yet clear.]

(I)     Defendant may retain a rebuttal expert. If so, then Plaintiff will depose that rebuttal expert. [The timing of this deposition is not yet clear.]

**Defendant:** expects to take between take between five and ten depositions in this case, including:

(A)     Deposition of Brigham Field and Colette Pelissier Field; [**Timing**: No sooner than three weeks after Defendant receives Plaintiff's responses to its paper discovery; Defendant will need to analyze Plaintiff's documents including electronic evidence which led to its bringing suit against Defendant.

(B)     Depositions of each person and entity Plaintiff relied on in making its determination that adequate evidence existed to sue Defendant in satisfaction of FRCP Rule 11.

(C)     Deposition of the operators of IPP Limited's software that made the determination, if any, that adequate evidence existed to sue Defendant.

(D)     Deposition of the inventor(s) (if any) of IPP Limited's software.

(E)     Depositions of Co-Defendants John Does 2, 3, 4, 5, 6 and 7 which plaintiff identified as being part of the same "swarm" as Defendant.

**Defendant:** expects to request extensive electronic discovery from Plaintiff as to all John Does and Defendant's alleged participation in the "swarm."

**Defendant:** expects to issue a subpoena duces tecum to IPP Limited for the production of correspondence and electronic evidence relating to the determination, if any, that adequate evidence existed to sue Defendant. The timing of this subpoena duces tecum is not yet clear. Defendant anticipates extensive electronic discovery as to IPP Limited's records relating to Plaintiff's allegations against Defendant, IPP Limited's software.

**Defendant:** expects to retain a rebuttal expert to testify as to Plaintiff's expert (if any) who will testify concerning IPP Limited's software. The timing of this deposition is not yet clear.]

**The parties jointly propose to the Court the following discovery plan:**

1.      The parties will exchange initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) by **January 15, 2014**.

2.      The deadline for joinder of parties and amendment of pleadings is **February 28, 2014**, with the caveat that pleadings can be amended as necessary to be consistent with facts uncovered through discovery.

3.      Plaintiff shall disclose experts and provide expert reports by **March 10, 2014**. Plaintiff shall make any such experts available for deposition by **April 3, 2014**.

4.      Defendant shall disclose experts and provide expert reports by **May 22, 2014**. Defendant shall make any such experts available for deposition by **June 12, 2014**.

5.      All discovery, including deposition of experts, is to be completed by **September 10, 2014**.

6.      The deadline for filing case dispositive motions shall be **October 10, 2014**.

## SETTLEMENT

The parties have discussed settling this matter but to date have not agreed on terms that mutually acceptable to them.

DATED this 14th day of February, 2014.

BY THE COURT:

_____

**UNITED STATES MAGISTRATE JUDGE**

APPROVED:

| | |
|---|---|
| /s/ *Mary K. Schulz* | /s/ *Jeffrey J. Antonelli* |
| Mary K. Schulz, Esq. | Jeffrey J. Antonelli, Esq. |
| Schulz Law, P.C. | Antonelli Law, Ltd. |
| 1144 E. State Street, Suite A260 | 100 North LaSalle Street, Suite 2400 |
| Geneva, IL 60134 | Chicago, IL 60602 |
| Tel:  (224) 535-9510 | Telephone: (312) 201-8310 |
| Fax:  (224) 535-9501 | Facsimile: (888) 211-8624 |
| Email:  schulzlaw@me.com | Email: jeffrey@antonelli-law.com |
| *Attorneys for Plaintiff* | *Attorney for Defendant* |

5

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Paul J Nicoletti
NICOLETTI & ASSOCIATES PLLC
Suite 100
36880 Woodward Avenue
Bloomfield Hills, MI 48304
248-203-7800
248-203-7801 (fax)
paul@nicoletti-associates.com


Mary K. Schulz, Esq.
Local counsel for Plaintiff
Schulz Law, P.C.
1144 E. State Street, Suite A260
Geneva, IL 60134
Tel:  (224) 535-9510
Fax:  (224) 535-9501
Email:  schulzlaw@me.com


By:     /s/ Jeffrey J. Antonelli

           Jeffrey J. Antonelli, Bar # 6271875
           Attorney for Defendant
           Antonelli Law, Ltd.
           100 North LaSalle Street, Suite 2400
           Chicago, IL 60602
           Telephone: (312) 201-8310
           Facsimile:  (888) 211-8624
           E-Mail: jeffrey@antonelli-law.com